940 F.2d 658
 RICO Bus.Disp.Guide 7804
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl BRIGHTMAN, M.D., et al., Plaintiffs-Appellants,
v.
FREEWAY ASSOCIATES, et al., Defendants-Appellees
 No. 90-4072.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 MERRITT, Chief Judge.
 
 
 1
 Earl Brightman[1] has appealed the District Court's dismissal of his RICO complaint and other pendent state law claims concerning certain activities of an Ohio limited partnership alleged to constitute an "enterprise" for purposes of 18 U.S.C. Sec. 1962(c). Specifically, he claims that the various defendants--Freeway Associates, d.b.a. Freeway Associates II, F.S.B. Ltd., Shannon Construction, Inc., Shannon Management, Alan Finesilver, Earl Sevin, and Richard Schwacter--intentionally concealed the sale of the entire assets of the partnership in which he was a limited partner. Brightman claims that Richard Schwacter, the general partner of Freeway Ltd., conveyed real property located in Macedonia, Ohio, to Shannon Construction, the developer of the property, at a price substantially below the market value of the property at the time of transfer. Brightman claims further that Schwacter sold the property without securing the Brightman claims further that Schwacter sold the property without securing the consent of the limited partners and that Brightman lost income and tax advantages in addition to his original capital investment in the limited partnership. Since the RICO claim is based on a "pattern of racketeering activity" arising from fraud, and Federal Rule of Civil Procedure 9(b) requires that all fraud claims must be pleaded with particularity, we affirm the District Court's dismissal of Brightman's claim because he has not stated his claim with particularity. Brightman's bare allegations neither refer to any false statements made by the defendants nor to any facts demonstrating reliance on those false statements.
 
 
 2
 Although Brightman's complaint names three individuals, two limited partnerships, one general partnership, one company, and one separate division of that company as defendants, the alignment of defendants is uncomplicated in this dispute concerning a single office warehouse development in Macedonia, Ohio. Defendant Freeway Associates, d.b.a. Freeway Associates II, is an Ohio general partnership comprised of two limited partnerships, Freeway Ltd. and F.S.B. Ltd., and F.S.B. Ltd. acted as the managing partner of Freeway Associates II. Defendants Allen Finesilver and Earl Sevin act as general partners of F.S.B. Ltd., and defendant Richard Schwacter acts both as general partner and legal counsel to Freeway Ltd. In addition, Finesilver acts as a principal in both Shannon Construction, Inc., the contractor for the Macedonia development, and Shannon Management, a division of Shannon Construction and manager of the Macedonia development.
 
 
 3
 Brightman became involved in the Macedonia development in 1978 when he purchased a $10,000 limited partnership unit in Freeway, Ltd. Freeway Associates II then purchased and developed the Macedonia property. Subsequently, Brightman claims that Schwacter conveyed the Macedonia property--the entire assets of the Freeway partnerships--to Shannon Construction at a below market price in an unauthorized transaction. Although the conveyance occurred on December 12, 1983, Brightman claims that he did not discover the unauthorized transaction until March 30, 1985, because Schwacter had intentionally concealed the transaction from the limited partners. Brightman claims further that Schwacter has continued to hold his original capital investment and that he has lost whatever income and tax advantages which would have accrued to him as a limited partner.
 
 
 4
 Brightman sued the various defendants and asserted a RICO claim along with related pendent state law claims. The defendants responded with a motion to dismiss on two grounds: first, they argued that Brightman had not pleaded his fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b), and they claimed further that Brightman had not presented a valid cause of action under RICO because he had not satisfied the "pattern" definition required by the statute. Brightman did not move to amend his complaint, and District Court dismissed his complaint on both grounds raised by the defendants. Brightman has appealed.
 
 
 5
 The District Court's dismissal of Brightman's complaint is a question of law subject to de novo review. Meador v. Cabinet For Human Resources, 902 F.2d 474 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). In evaluating the sufficiency of a complaint in the face of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we must accept all of Brightman's allegations as true and resolve every doubt in his favor. Hishon v. King & Spalding, 467 U.S. 69 (1984). Our standard of review for the District Court's dismissal of Brightman's complaint with prejudice is "abuse of discretion." Craighead v. E.F. Hutton & Co., 899 F.2d 485 (6th Cir.1990).
 
 
 6
 The District Court dismissed Brightman's RICO claim because his claim was based on allegations of fraud which were not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b).[2] The District Court also found that Brightman had failed to allege a pattern of predicate acts necessary to support a RICO claim. Because we agree that Brightman has failed to plead his allegations with the particularity required by Rule 9(b), we do not need to review the District Court's alternative holding.
 
 
 7
 In Rule 9(b) cases, the Sixth Circuit considers the particularity requirement against the more general policy stated in Rule 8 which favors simple, concise and direct allegations in pleading. Michaels Building Co. v. Ameritrust Co., N.A., 848 F.2d 674 (6th Cir.1988). Put another way, the Sixth Circuit has explained that "the purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." Id. at 679. See also American Town Center v. Hall 83 Associates, 912 F.2d 104 (6th Cir.1990). "Fair notice" requires at minimum that a plaintiff allege "the time, place and contents of the misrepresentation(s) upon which he relied." Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir.1984).
 
 
 8
 Brightman has not met these minimum requirements. Although his complaint refers to several dates, he does not relate the dates to any particular misrepresentation. For example, he refers to the October 6, 1978, date when Schwacter, Finesilver and Sevin prepared and mailed the Freeway Ltd. offering circular to him, but he does not allege that the circular contained any false statements or misrepresentations. Similarly, Brightman does not allege false statements or actions with regard to the solicitations of limited partnership certificates, the amendment of the Freeway Ltd. partnership agreement or the purchase of the Macedonia property even though he provides approximate dates for each of these events. Indeed, except for the approximate dates of the allegedly unauthorized conveyance and Brightman's (later) discovery of the property transfer, the complaint offers nothing more than bare legal conclusions. The paragraphs which present the mail and wire fraud allegations mention "a fraudulent scheme" and "false pretenses," but no further details are provided. The Sixth Circuit has observed in another RICO case that "[f]raud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff has relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact." Blount Financial Service v. Walter E. Heller & Co., 819 F.2d 151 (6th Cir.1987).
 
 
 9
 Instead, Brightman rests his complaint solely on the allegedly unauthorized property conveyance. He has alleged that the conveyance was unauthorized, but he has not alleged why the transfer was fraudulent.
 
 
 10
 Brightman did not move to amend his complaint before the District Court dismissed his action, and the dismissal acts as a dismissal "with prejudice" because the District Court did not expressly state that its dismissal was "without prejudice." Craighead, 899 F.2d at 495. We review the District Court's action under an "abuse of discretion" standard, and we find no abuse of discretion here. Likewise, we find the District Court's dismissal of Brightman's pendent state law claims proper. Accordingly, the judgment below is AFFIRMED.
 
 
 
 [1]
 Although the Notice of Appeal refers to "Plaintiffs," our en banc decision in Minority Employees of the Tenn. Dep't of Employment v. Tennessee, 901 F.2d 1327 (6th Cir.), cert. denied, 111 S.Ct. 210 (1990), requires that each appellant be named specifically in the notice of appeal. Since failure to comply with Federal Rule of Appellate Procedure 3(c) acts as a jurisdictional bar to the claims of unnamed appellants, we will consider Brightman's appeal only
 
 
 [2]
 Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and any other condition of mind of a person may be averred generally."